IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH McANINCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 03-3285-CV-S-REL |
| THE KANSAS BANKERS | ) | |
| SURETY CO., | ) | |
| Defendant. | ) | |

## ORDER

Before the court is plaintiff Susan Wintermute's motion for leave to serve additional expedited discovery. In support of this motion, plaintiff states that the defendant KBS wrongfully withheld documents during discovery, and that production of those documents was compelled by this court after the close of discovery. Plaintiff states, further, that those documents "prove[] that [defendant's attorney Ann] Hoover misrepresented facts to Devon Sherwood in correspondence concerning the subpoena and in submissions to Judge Wright in support of her motion to quash the subpoena." Plaintiff seeks production of documents from Ms. Hoover's own files reflecting communications with the government and with third parties concerning plaintiff Wintermute. She states that she believes those documents were called for in her original document demand, but no documents were produced. Plaintiff also requests that defendant be required to submit to the court for *in camera* review a detailed privilege log, listing all items claimed to be subject to attorney-client and work product privilege.

In response, defendant objects that plaintiff is seeking documents that have already been found by this court to be privileged. In her reply brief, plaintiff makes it clear that she is seeking communications between Ms. Hoover and agents for the government. As evidence for such

communications, she points to the affidavit defendant obtained from an employee of the Office of the Comptroller of Currency and expresses skepticism that the government would have volunteered such an affidavit. She postulates that the affidavit could be the result of an "undisclosed agreement" between the government and KBS, or that it was "payback" by the government for KBS's "deliberate refusal to provide Ms. Wintermute with its Crime Bond file at the time of her trial." Plaintiff expresses a belief that there exist communications between KBS and the FDIC which were not produced and not delivered to the court for *in camera* inspection.

I find plaintiff's arguments to be baseless. Defendant produced the documents requested by this court, and I examined those documents fully and in detail. I am satisfied that defendant's counsel faithfully produced all of the documents in its possession that were responsive to plaintiff's document demands. Plaintiff states that the documents prove that the defendant's attorney misrepresented facts in connection to plaintiff's criminal trial. Plaintiff obviously suspected such an alleged misrepresentation prior to the close of discovery, however, and had every opportunity to request documents that might vindicate that suspicion. Plaintiff admits that she believes the documents were requested, but not produced.

Defendant has represented to this court that it has produced all of the documents in its possession that are responsive to plaintiff's requests and not privileged, as found by this court. There is nothing to suggest that defense counsel has been less than forthright in this regard. Plaintiff may believe that a conspiracy exists between defendant KBS, the OCC, and the Department of Justice to deprive her of a defense at her criminal trial and that evidence of that conspiracy lies hidden in Ms. Hoover's personal files. I will not waste the time and resources of this court pursuing these conspiracy theories, however. Plaintiff may simply accept this court's assurances that, based on the information it has available, such theories are groundless.

It is therefore

ORDERED that plaintiff's motion for additional expedited discovery is denied.

/s/Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
April 27, 2005